UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| WILLIAM HOLLY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:08-CV-159-TS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petitioner's Motion for Separate Judgment or to Stay the Proceedings [DE 2], filed on April 1, 2008; the Respondent's Motion for Entry Directing Further Proceedings [DE 15], filed on October 30, 2008; and the Petitioner's Motion for Reconsideration/Relief of Judgment [DE 20], filed on December 22, 2008.

## BACKGROUND

On April 1, 2008, William Holly, a prisoner proceeding *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. He states that he is challenging the judgment of conviction entered on November 10, 1994, by the Allen Superior Court. He received a sentence of seventy-eight years.

On April 1, the Petitioner also filed a Motion for Separate Judgment or to Stay the Proceedings [DE 2], requesting that the Court grant him the relief he requests in his Petition for Writ of Habeas Corpus as a separate matter from one that is before the Allen Superior Court, or stay this action while he pursues the state court action related to his sentence. On August 4, the Respondent filed a Reply [DE 6], in which he argues that the Court should deny the Petitioner's request to stay these proceedings because he fails to satisfy the requirements of *Rhines v. Weber*,

544 U.S. 269 (2005). He also argues that the Petitioner's claim that his sentence is invalid is without merit. On November 7, the Petitioner filed a Reply [DE 17], asking that the Court consider his claim, that his rights not be violated, and that he not be denied access to the state court system. On October 30, the Respondent filed a Motion for Entry Directing Further Proceedings [DE 15], asking the Court to set a new deadline for him to respond to the Petitioner's claims and to file the state court record.

On December 8, the Court issued an Order [DE 19], denying the Petitioner's Motion to File Confidential Evidence [DE 18]. On December 20, the Petitioner filed a Motion for Reconsideration/Relief of Judgment [DE 20], requesting that the Court reconsider its December 8, 2008, Order because he "is not seeking to supplement the record in this cause, and not present the legal theories and evidence to the Indiana state courts." (Mot. for Recons./Relief from J. at 1.)

## ANALYSIS

**A.     The Petitioner's Motion for Separate Judgment or to Stay the Proceedings [DE 2]**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court articulated the standards that apply when a court considers a request to stay the proceedings in a case seeking a writ of habeas corpus:

> Fourteen years before Congress enacted AEDPA [the Antiterrorism and Effective Death Penalty Act], we held in *Rose v. Lundy*, 455 U.S. 509, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. We reasoned that the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims. *Id.*, at 518-519, 71 L. Ed. 2d 379, 102 S. Ct. 1198. We noted that "[b]ecause 'it would be unseemly in our dual system of government for a federal

district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity." *Id.*, at 518, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (quoting *Darr v. Burford*, 339 U.S. 200, 204, 94 L. Ed. 761, 70 S. Ct. 587 (1950)). That doctrine "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" 455 U.S., at 518, 71 L. Ed. 2d 379, 102 S. Ct. 1198.

Accordingly, we imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance. *Id.*, at 522, 71 L. Ed. 2d 379, 102 S. Ct. 1198. When we decided *Lundy*, there was no statute of limitations on the filing of federal habeas corpus petitions. As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease. *See Slack v. McDaniel*, 529 U.S. 473, 486, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000) (dismissal without prejudice under *Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion").

The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved *Lundy*'s total exhaustion requirement, *see* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan*, 533 U.S. at 181-182, 150 L. Ed. 2d 251, 121 S. Ct. 2120.

As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve

3

the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

*Rhines v. Weber*, 544 U.S. at 273–75.

To resolve this conflict, the Supreme Court permitted such petitions to be stayed in some limited circumstances:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest . . . is in obtaining speedy federal relief on his claims," *Lundy*, *supra*, at 520, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela*, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.*, at 380-381.
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the

> petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id.*, at 520, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines*, 544 U.S. at 277–78.

In his response to the Petitioner's Motion for Separate Judgment or to Stay the Proceedings, the Respondent argues that a stay is inappropriate because the Petitioner fails to satisfy the requirements of *Rhines v. Weber*. According to the Respondent, the instant Petition is successive and untimely, and the Petitioner has failed to establish cause for failing earlier to raise the claims that he now wishes to exhaust in the state courts in a successive petition for post-conviction relief.[1] The Petitioner responds that his Petition is not a successive petition because his earlier petition was not dismissed on the merits and that it is not untimely because he has been denied access to the state court system and has not been allowed to present his claims there.

The Court finds that the Petitioner's Motion for Separate Judgment or to Stay the Proceedings is premature. The questions raised in *Rhines* do not require that the decision be made at the initiation of a habeas corpus case. Indeed, under *Rhines*, the Court must make determinations regarding whether the Petitioner has exhausted state court remedies, whether his Petition is timely, whether his Petition is successive, and whether the Petitioner is entitled to relief based on the merits. Moreover, if there are unexhausted claims, the Court must determine

---

[1] In his Motion for Entry Directing Further Proceedings, the Respondent states that the Petitioner has a post-conviction petition pending in the Allen Circuit Court and that the Allen County Prosecutor has not taken the position that the pending state post-conviction petition in that matter is successive.

whether "there was good cause for the petitioner's failure to exhaust his claims first in state court," *Rhines*, 544 U.S. at 277, and even where there was good cause for that failure, the district court should not "grant him a stay when his unexhausted claims are plainly meritless," *Id.* These determinations are best made with the full state court record before the Court and full briefing by the parties. At the appropriate time in this case and as properly presented by the parties for the Court's consideration, the Court will address procedural issues and merits-related questions before determining whether a stay is merited. Accordingly, at this time, the Court will deny the Petitioner's Motion for Separate Judgment or to Stay the Proceedings and permit this case to proceed. When the Court addresses the merits of the Petition and/or defenses raised by the Respondent, the Court will also consider, as appropriate, the *Rhines* factors, and if a stay is warranted, it will stay this action as to those claims after dealing with the other issues presented in the Petition.

**B.     The Respondent's Motion for Entry Directing Further Proceedings [DE 15]**

The Court finds the Respondent's request that the Court set a new date for him to respond to the Petition and to file the state court record to be well-taken, and the Court will set a new deadline for the Respondent to respond and file the state court record.

**C.     The Petitioner's Motion for Reconsideration/Relief of Judgment [DE 20]**

In his Motion to File Confidential Evidence [DE 18], the Petitioner requested leave to file a letter from an unnamed public official without serving the Respondent with a copy. The Court denied his Motion to File Confidential Evidence, and now the Petitioner asks the Court to

6

reconsider its ruling and/or grant relief from judgment. Because judgment has not been entered in this case, the Petitioner's request for relief from judgment has no merit. Additionally, the Plaintiff has presented no argument that would justify the Court's reconsideration of its December 8, 2009, Order. Furthermore, the Petitioner claims that he presented this "confidential issue" in the Indiana court system. Perhaps, that issue will, at some point, become a matter for the Court's consideration in this case, but, at this point, the state court record has not been filed with the Court, and the claims presented by the Petitioner in his Petition are not ready for ruling. The Court will, therefore, deny the Petitioner's Motion for Reconsideration/Relief of Judgment.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Petitioner's Motion for Separate Judgment or to Stay the Proceedings [DE 2] as premature, GRANTS the Respondent's Motion for Entry Directing Further Proceedings [DE 15], and DENIES the Petitioner's Motion for Reconsideration/Relief of Judgment [DE 20]. The Court ORDERS the Respondent, on or before June 15, 2009, to show cause why this Court should not assume jurisdiction over this case and grant the requested relief, and to submit the Petitioner's full and complete state court record.

SO ORDERED on March 4, 2009.

                                                    S/ Theresa L. Springmann  
                                                THERESA L. SPRINGMANN  
                                                UNITED STATES DISTRICT COURT