# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| WILLIAM HOLLY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:08-CV-159-TLS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

William Holly, a prisoner who is proceeding pro se in this matter, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1]. He also filed a Motion for Separate Judgment/or to Stay the Proceedings [DE 2], which the Court denied on March 4, 2009.

In Ground One of his Petition for Writ of Habeas Corpus, the Petitioner asserts that "Petitioner's Sentence Has Totally Expired, State Lost Jurisdiction Over Sentence" and that the "State of Indiana, By and Through It's (sic) Agencies, Started And Stopped Petitioner's Sentence Nine (9) times, Rendering the Sentence Void" (Pet. 5). In Ground Two, he states that the "State Violated Petitioner's Rights" because "Under Newly Discovered Evidence, The Petitioner Found Out That The State, By And Through It's (sic) Agencies, Started And Stopped The [] Petitioner's Sentence Nine (9) Times, Rendering the Sentence Void." (*Id.*) The Petition indicates that on November 10, 1994, he was convicted in the Allen Superior Court and is serving a seventy-eight year sentence for his convictions. His convictions were for attempted murder, rape, and robbery. The Indiana Court of Appeals issued a Memorandum Decision [DE 22-3] reducing his robbery conviction to a class C felony, but otherwise affirming his

convictions. His case was remanded for resentencing. According to the Petitioner, the Indiana Supreme Court denied transfer.

In his Petition, the Petitioner has not contested the validity of his convictions, and the issues he has presented have nothing to do with the original convictions and sentences. Rather, he has asserted that after he was convicted, the actions of state officials in transferring him to other states and then bringing him back to Indiana "Started And Stopped Petitioner's Sentence Nine (9) times, Rendering the Sentence Void." (Pet. 5.) He has indicated that he is still in the process of presenting claims to the Indiana courts by means of a petition for post-conviction relief. He answered "yes" to the question "[d]o you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the question you are challenging." (Pet. 4.) In response to the follow-up question asking for information on the pending action, he stated that he has a pending post-conviction petition in state court. (*Id*.)

The Respondent has submitted a Notice showing that his counsel contacted the Allen County Prosecutor's office and confirmed "that Holly's post-conviction petition is still pending in the Allen Circuit Court under cause 02D04-9105-CF-000255." (Resp't's Notice 2, DE 22.) Consequently, the Respondent requested relief from this Court's Order [DE 3] to submit the full state court record and asked "for this Court to dismiss the instant petition for failure to exhaust, and grant any other relief appropriate under the facts and circumstances of the instant action." (*Id.* at 4.) Along with his Notice, the Respondent submitted records relating to the status of the Petitioner's state court proceedings.

On March 25, 2010, this Court issued an Order directing the Petitioner to submit information regarding the nature and disposition of the 2005 state court proceedings identified in

2

Paragraph 9 of his Petition (Pet. 2–4) and information regarding the claims and issues he has presented in his petition for post-conviction relief that is pending in state court. The Petitioner has responded to this Order. He states that his "Verified Petition For Post-Conviction Relief is now pending in the Allen Superior Court . . . ." (DE 34-1.) He has submitted a copy of the Verified Petition for Post-Conviction Relief [DE 34-2] he filed in the Allen Superior Court on September 13, 2005. He has also submitted a Verified Petition for Writ of Habeas Corpus [DE 34-4] and a Memorandum of Law in Support [DE 34-5] that he appears to have filed with the Allen Superior Court in 2005, a Motion to Correct Petitioner's Sentence [DE 34-6] that he filed in the Allen Superior Court, and a Motion to Correct Errors [DE 34-7] that he filed in 2007.

      A federal court may not entertain a habeas petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief. *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008); *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). The exhaustion requirement is premised on concerns of comity—state courts must be given the first opportunity to address and correct violations of a prisoner's federal rights. *Malone*, 538 F.3d at 753; *Lieberman*, 505 F.3d at 669. To exhaust, a petitioner must fairly present his constitutional claims through one complete round of state court review. *Malone*, 538 F.3d at 753; *Lewis*, 390 F.3d at 1025. The petitioner bears the burden of proving exhaustion. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

The parties agree that the Petitioner is still in the process of presenting claims he is raising in this Petition to the state courts by means of a petition for post-conviction relief. Accordingly, he has not yet presented his claims through one complete round of state court review. In order to exhaust his state court remedies, he will have to submit his claims to the Indiana Court of Appeals (if the post-conviction court rules against him on his state court petition) and then seek transfer to the Indiana Supreme Court (if the Indiana Court of Appeals affirms the trial court). Accordingly, the Petitioner has not met his burden of establishing that he exhausted his state court remedies on the claims presented in his Petition, and this Court will dismiss his Petition for that reason without prejudice to his ability to refile his Petition for Writ of Habeas Corpus after he has exhausted his state court remedies on these claims.

For the foregoing reasons, the Court GRANTS the Respondent's requests [DE 22] that the Court relieve him from filing the complete state court record and that the Court dismiss this Petition, and the Court ORDERS this Petition dismissed without prejudice for the failure of the Petitioner to exhaust his state court remedies.

SO ORDERED on July 28, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION